## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOYCE BRADLEY**  **CIVIL ACTION**

**VERSUS**

**NO. 21-498-BAJ-RLB**

**WAL-MART STORES, INC., ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 18, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCE BRADLEY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 21-498-BAJ-RLB** |
| **WAL-MART STORES, INC., ET AL** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Joyce Bradley's ("Plaintiff") Motion to Remand filed on August 25, 2021. (R. Doc. 3). The motion is opposed. (R. Doc. 5). Based on the applicable law and analysis which follows, the Motion to Remand should be denied.

**I.   Background**

On or about December 30, 2020, Plaintiff filed her Petition for Damages (the "Petition") in the 23rd Judicial District Court for the Parish of Ascension, seeking damages for alleged personal injuries sustained as a result of a slip and fall at Walmart Store No. 532 in Gonzales, La. (R. Doc. 1-2 at 1,2). The Petition names as defendants Walmart, Inc. (formerly known as Wal-Mart Stores Inc.), Wal-Mart Louisiana, Inc. (collectively, "Wal-Mart"), Gonzales Louisiana, LLC ("Gonzales" and "Wal-Mart" are collectively referred to as "Defendants"), Johnathan Silverman,[1] and several other fictitiously named defendants, including a John Doe individual that Plaintiff purports to be an employee of Wal-Mart. (R. Doc. 1-2 at 1).

On February 19, 2021, Wal-Mart propounded requests for admission and requests for production of documents to Plaintiff. (R. Doc. 1 at 3; *see generally* R. Doc. 1-8). Wal-Mart's requests for admission requested that Plaintiff admit (1) that her damages do not exceed the sum

---

[1] Jonathan Silverman was voluntary dismissed without prejudice from the state court lawsuit by Plaintiff on June 30, 2021. (R. Doc. 1-5 at 3).

of $50,000 and (2) that her damages do not exceed $75,000, exclusive of interest and cost. (R. Doc. 1-8 at 14).

On May 3, 2021, Plaintiff responded to Wal-Mart's requests for admission by objecting to both requests as premature. (R. Doc. 1-8 at 14). Subject to her objection, Plaintiff denied that her damages did not exceed $50,000, and she stated that she "anticipates damages exceeding $75,000." (R. Doc. 1-8 at 14). Plaintiff also produced medical records of treatment that she received through July of 2020. (R. Doc. 1 at 3). According to the produced records, Plaintiff's medical expenses totaled $3,430. (R. Doc. 1 at 3).

At Plaintiff's deposition on July 27, 2021, Plaintiff testified that since July of 2020 she has received the following: (1) treatment with two or more orthopedic specialist; (2) diagnostic testing; (3) injections into her elbow and right knee; (4) arthroscopic right knee surgery; (5) two medial branch blocks; and (6) radiofrequency ablation in the lumbar spine. (R. Doc. 1 at 4). According to Defendants, Plaintiff has not produced the medical bills for the afore-mentioned treatment, but, from their experience, they anticipate "that the medical expenses are substantial." (R. Doc. 1 at 4).

On August 25, 2021, Defendants removed the action on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). First, Defendants assert that there is complete diversity because Plaintiff is a citizen of Louisiana, the Wal-Mart entities are citizens of Arkansas, and Gonzales is citizen of Connecticut. (R. Doc. 1 at 5). Second, Defendants contend that Plaintiff's July 27, 2021 deposition testimony regarding her alleged injuries and medical treatment places her claimed damages in excess of $75,000, exclusive of interests and costs. (R. Doc 1 at 4). Defendants argue that Plaintiff's testimony constitutes the first "other paper" to make the action removable to federal court. Therefore, removal is timely

under 28 U.S.C. § 1446(b)(3) because the Notice of Removal was filed within thirty days of Plaintiff's deposition. (R. Doc. 1 at 6).

On September 24, 2021, Plaintiff filed the instant Motion to Remand, arguing (1) that removal was untimely under 28 U.S.C. § 1446(b)(3) and (2) there is an absence of complete diversity. (R. Doc. 3).

## II.     Arguments of the Parties

In support of remand, Plaintiff argues that removal is untimely because it was not made within thirty days of Wal-Mart's receipt of Plaintiff's discovery responses on May 3, 2021 (R. Doc. 3-1 at 6). According to Plaintiff, her discovery responses "clearly and unequivocally showed damages exceeding $75,000." (R. Doc. 3-1 at 2). Particularly, Plaintiff contends that the medical records submitted to Wal-Mart "clearly showed significant injuries and treatment, including:" (1) EMS transportation to St. Elizabeth Hospital on the day of the incident; (2) a follow up appointment the day after at OLOL, which resulted in her left elbow being put in an arm sling; (3) a referral for a sports medicine consultation and physical therapy; (4) being placed in a wrist splint; (5) a referral for an orthopedic surgery consultation; (6) medical notes indicating Plaintiff failed conservative care; (7) an ultrasound guided celestone and lidocaine injection in Plaintiff's left elbow. (R. Doc. 3-1 at 4). Plaintiff argues that the above medical records, in conjunction with her admission that she "anticipates damages exceeding $75,000," put Defendants on notice that the amount in controversy requirement has been met.

Next, Plaintiff argues that there is an absence of complete diversity because "John Doe is the locally domiciled Wal-Mart employee tasked with keeping the isle clean from vices/defects and for fixing the room." (R. Doc. 3-1 at 3). Accordingly, Plaintiff contends that John Doe is a citizen of Louisiana and, therefore, his citizenship destroys complete diversity.

Defendants respond that Plaintiff's discovery responses did not "provide an unequivocally clear indication that damages are in excess of $75,000," and, therefore, did not trigger the clock for removal. (R. Doc. 5 at 2). Indeed, by Plaintiff's own admission, the determination of whether her damages were in excess of $75,000 was "premature," and she only "anticipates" that her damages exceed $75,000. (R. Doc. 5 at 4). Accordingly, as of May 3, 2021, there was "no indication that Plaintiff believed her damages were *clearly and plainly,* in excess of $75,000." (R. Doc. 5 at 4) (emphasis in original).

Defendants further argue that John Doe's citizenship cannot defeat diversity, as the citizenship of fictitious defendants must be disregarded in determining whether removal is proper. (R. Doc. 5 at 5).

### III.     Law and Analysis

#### A.     Legal Standards

A defendant may remove "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem, Co.,* 491 F.3d 278, 81-82 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be

strictly construed in favor of remand.). Furthermore, remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice…permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000 exclusive of interest and costs]. 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

Plaintiffs in Louisiana state courts are prohibited, by law, from alleging a numerical value of claimed damages. La. Code Civ. P. art 893(A)(1). The Fifth Circuit, however, has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Walmart-Stores, Inc.,* 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases, the removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied by: (1) demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or (2) setting forth facts—preferably in the removal petition, but sometimes by affidavit—which support finding that the required amount is present. *Id.*

When, as here, the initial pleading does not indicate whether removal is proper, the defendant may remove the case within thirty days "after receipt…through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Fifth Circuit has adopted a bright line rule that the thirty-day period is triggered only where

jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002).

    **B.**    **Analysis**

        **1.**    **<u>Diversity of Citizenship</u>**

The Court briefly addresses Plaintiff's argument that John Doe's Louisiana citizenship destroys complete diversity. The language of 28 U.S.C. § 1441(b) clearly and explicitly instructs the Court to disregard the citizenship of fictitious defendants when considering a motion to remand. 28 U.S.C. § 1441(b) ("the citizenship of defendants sued under fictitious names shall be disregarded"). Accordingly, diversity of citizenship is present.

        **2.**    **<u>Timeliness of Removal</u>**

As noted above, a defendant may remove a case within thirty days after service of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). When, however, the initial pleading does not indicate whether removal is proper, the defendant may remove the case within thirty days after receipt of an "other paper" that unequivocally and clearly shows that the amount in controversy requirement is met. 28 U.S.C. § 1446(b)(3); *Bosky,* 288 F.3d at 211.

Neither party argue that it is facially apparent from the Petition that the amount in controversy requirement is met. Instead, the parties contend that "other paper" unequivocally and clearly show that the case is removable. The issue before the Court is, therefore, which "other paper" triggered the removal clock. On one hand, Plaintiff argues that her May 3, 2021 discovery responses triggered the removal clock. On the other hand, Defendants argue that the removal clock was not trigged until Plaintiff's July 27, 2021 deposition. The Court will address each in turn to determine whether it unequivocally and clearly shows that the amount in controversy is met, such that it triggers the thirty-day period.

The Court first turns to Plaintiff's May 3, 2021 responses to Wal-Mart's requests for admission. Therein, Plaintiff admits that it was "premature" to state whether her damages would exceed $75,000, but also states that she "anticipates damages exceeding $75,000." (R. Doc. 1-8 at 14). Plaintiff argues that "the prospect of damages exceeding" the jurisdictional threshold is "more than enough to constitute" other paper. (R. Doc. 3-1 at 6).

In *Bosky,* Fifth Circuit rejected use of the "facially apparent" standard when the issue pertains to the start of the removal clock after receipt of "other paper." 288 F.3d at 211.[2] The Fifth Circuit explained that the removal clock is only triggered after receipt of "other paper" when it can be "ascertained" that the case is one that has become removable. *Id.* To "ascertain" means "'to make certain, exact, or precise' or 'to find out or learn with certainty.'" *Id.* (citing Webster's Ninth New Collegiate Dictionary 1077 (1990)). Accordingly, "the information supporting removal […] in other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal." *Id.*

Here, Plaintiff stated that she "anticipates damages exceeding $75,000" subject to an objection that it is premature to make such a determination. (R. Doc. 1-8 at 14). The question is, therefore, whether Plaintiff's objection and her "anticipation" is sufficient to make it "certain, exact, or precise" that her claim for damages would exceed $75,000. The Court finds that it is

---

[2] Plaintiff cites *Johnson v. Dillard Dep't Stores* to support her proposition. 836 F. Supp. 390, 393 (N.D. Tex. 1993). Her reliance on *Johnson,* however, is misplaced. While the facts of *Johnson* are similar the instant matter, *Johnson* was decided nearly nine years before the *Bosky* decision in which the Fifth Circuit adopted the "unequivocally clear and certain" standard. *Bosky,* 288 F.3d at 211.
In *Johnson,* the defendant filed its notice of removal more than thirty days after service of the initial pleading but argued that the notice of removal was timely because it was filed within thirty days of its receipt of "other paper." *Johnson*, at 391. In deciding whether remand should be granted, the court applied the "facially apparent" standard. *Id.* at n.2 (explaining that the Fifth Circuit "uses language of 'facially apparent' and 'facially likely' in determining the jurisdiction amount in controversy"). The court explained that the pivotal issue was whether "the defendant established that [the plaintiff's] complaint 'facially alleges damages in excess'" of the requisite amount in controversy. *Id.* at 392.

not. "Anticipate" has a number of meanings, including "to think of (something that will or might happen in the future)" or "to look forward to as certain." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/anticipate (last visited November 10, 2021). Considering Plaintiff's objection to the requests for admission as "premature," the Court finds that Plaintiff's use of "anticipate" is more aligned with the former definition. Plaintiff's responses to Wal-Mart's request for admission shows only that Plaintiff believed that her damages *might* exceed $75,000, but it was premature to state with certainty that they would exceed $75,000. Accordingly, Plaintiff's responses to Wal-Mart's requests for admission did not trigger the thirty-day period.

Plaintiff's medical records that were produced on May 3, 2021 fare no better. The medical records included, among other things: a referral for a sports medicine consultation and physical therapy, a referral for an orthopedic surgery consultation, medical notes indicating Plaintiff failed conservative care, and an ultrasound guided celestone and lidocaine injection in Plaintiff's left elbow. According to Plaintiff, these records "showed significant injuries and treatment" that "clearly and unequivocally showed damages exceeding $75,000." (R. Doc. 3-1 at 2). Courts in this circuit have routinely recognized that "other paper describing injuries and other damages that seem likely to exceed the amount in controversy requirement, but which do not show unequivocally that the requirement is met, are insufficient to trigger the removal clock." *Darensburg v. NGM Ins. Co.,* No. 14–1391, 2014 WL 4072128, at *2 (E.D. La. Aug. 13, 2014); *see Johnson v. Packaging Corp. of Am.,* No. CV 18-613-SDD-EWD, 2019 WL 1271053, at *6 (M.D. La. Feb. 27, 2019), *report and recommendation adopted,* No. CV 18-613-SDD-EWD, 2019 WL 1271009 (M.D. La. Mar. 19, 2019) (*"*if a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the

amount in controversy requirement, then those papers do not suffice to trigger the 30 day time period."). Although Plaintiff's medical records show significant injuries and treatment, the records only show medical expenses of $3,430. (R. Doc. 1 at 3). The medical records, therefore, do not unequivocally show that the amount in controversy exceeds $75,000, and Defendants are not required to conduct a quantum study or dissect the medical records to deduce whether Plaintiff's damages satisfy the requisite threshold.[3]

Likewise, the Court finds that Plaintiff's deposition testimony does not trigger the thirty-day removal period. Plaintiff's deposition testimony merely contains information about medical records, which, as the Court explained, is insufficient to start the removal clock. Plaintiff testified that she received: (1) treatment with two or more orthopedic specialist; (2) diagnostic testing; (3) injections into her elbow and right knee; (4) arthroscopic right knee surgery; (5) two medial branch blocks; and (6) radiofrequency ablation in the lumbar spine. (R. Doc. 1 at 4). Defendants state that their counsel "has not received copies medical bills," but "from previous experience anticipate that the medical expenses are substantial." (R. Doc. 1 at 4). Defendants' anticipation and experience is not unequivocal evidence. Accordingly, Defendants' removal clock has yet to be triggered.

The Court notes, however, that the absence of an "other paper" that unequivocally shows that the jurisdictional requirement is met does not preclude Defendants' ability to remove the matter. As detailed above, the "unequivocally clear and certain" standard pertains to the timeliness of removal, and it is only applied when the issue is whether an "other paper" triggered the removal clock.

---

[3] Removing defendants are not held to a due diligence standard. *See Bosky*, 288 F.3d at 210; *see also Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778 (W.D. La. Sept. 5, 2013) (rejecting plaintiff's contention that recommendation for cervical disc surgery triggered the second 30-day removal period).

When the issue is not timeliness, and the defendant seeks removal before the thirty-day clock starts, the defendant need only that the jurisdictional amount is satisfied. Put another way, Plaintiff's deposition testimony is sufficient to <u>permit</u> removal, but not sufficient to <u>require</u> removal.

Plaintiff does not dispute that the amount in controversy requirement is met, and the information presented is sufficient to show that Plaintiff's damages exceed $75,000. Thus, there being no other impediment to jurisdiction, removal was proper.

### IV.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 3) be **DENIED.**

Signed in Baton Rouge, Louisiana, on November 18, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**